UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DOROTHY ELIZABETH RAINEY,**

    **Plaintiff,**

v.                                                                             **Case No: 5:15-cv-536-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

Before the Court is Defendant's Motion for Entry of Judgment with Remand under sentence four of 42 U.S.C. § 405(g) so that the Commissioner can take further administrative action. (Doc. 19). Upon a review of the briefs and record, this case is due to be remanded, but only to the extent set forth below.

    **I.    BACKGROUND**

On January 11, 2008, Plaintiff filed her initial application for Social Security Income ("SSI") benefits, alleging a disability onset date of June 1, 1993. (Tr. 231–33). The Social Security Administration ("SSA") denied her application initially and upon reconsideration. (Tr. 131–33). Following a hearing, Administrative Law Judge ("ALJ") Douglas A. Walker issued an unfavorable decision in March 2010. (Tr. 56–71, 102–18). Then, the Appeals Council remanded the case back to ALJ Walker. (Tr. 123–27).

Almost two years after his first decision, ALJ Walker issued a second unfavorable decision. (Tr. 29–50). The Appeals Council then denied Plaintiff's request to review ALJ Walker's second decision and Plaintiff appealed to this Court. (Tr. 1–6).

- 2 -

In September 2014, I reversed and remanded this case as ALJ Walker failed to discuss or include several moderate limitations that two state agency physicians opined of, despite according those opinions great weight. *Rainey v. Comm'r of Soc. Sec.*, No: 5:13-cv-265-Oc-10PRL, at Doc. 17 (M.D. Fla. Sept. 9, 2014). After that remand, Plaintiff filed an additional application for SSI benefits, her applications were then consolidated, and the Appeals Council remanded the case back to the ALJ to issue a new decision on the consolidated claims. (Tr. 882–85, 912–14, 917–21, 981–90).

After another hearing, ALJ Janet Mahon considered the consolidated claims and issued a partially favorable decision in August 2015. (Tr. 768–94). Specifically, ALJ Mahon found that Plaintiff, beginning on August 26, 2014 (the date she "changed age categories and was closely approaching advanced age," see Tr. 783), was unable to focus or concentrate on simple tasks for more than two hours in an eight-hour workday due, in part, to bipolar I disorder and moderate depression. (Tr. 783). ALJ Mahon also found that in early October 2014 Plaintiff was hospitalized and received post-hospitalization care for her diverticulitis, irritable bowel syndrome, and Crohn's disease." (Tr. 783). Ultimately, ALJ Mahon reasoned that "[i]n the past year, the records show that the claimant's symptoms have deteriorated." (Tr. 783).

Although it certainly could have, the Appeals Council declined to review ALJ Mahon's decision. Plaintiff now seeks to appeal the unfavorable portion of the decision to this Court. The Court issued its scheduling order, and after Plaintiff filed her merits brief in opposition to the Commissioner's decision (Doc. 16), the Commissioner (instead of addressing the merits) simply moved to once again remand this case for further administrative proceedings. (Doc. 19). The Commissioner cites two faults in the ALJ's decision: "the evidence of record does not support the ALJ's finding that Plaintiff's condition worsened on August 26, 2014" and "the ALJ did not

properly consider the evidence relating to Plaintiff's substance abuse" (Doc. 23, p. 2)—referring, on this latter issue, to records dated "prior to the onset date the ALJ found" (Doc. 23, p.5).

Plaintiff has responded to this motion (Doc. 20), agreeing the case should be remanded, but to award benefits, not for any further evaluation of the evidence. The Commissioner has filed a sur-reply (Doc.23).

## II.  LEGAL STANDARD

Under Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625, 2629 (1993). The Court, of course, "has the authority to limit the scope of remand to the Commissioner by specifying the actions to be, and not to be, taken by the ALJ." *Shaff v. Comm'r of Soc. Sec.*, No. 6:15-CV-1350-ORL-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016); *see Leonard v. Astrue*, No. 2:08-CV-871-FTM29SPC, 2010 WL 338099, at *4 (M.D. Fla. Jan. 22, 2010), *aff'd sub nom. Leonard v. Comm'r of Soc. Sec.*, 409 F. App'x 298 (11th Cir. 2011) ("On remand, the Commissioner is required to follow the district court's remand order in the subsequent administrative proceeding; deviation from the district court's order is itself legal error subject to reversal on further judicial review.").

## III.  DISCUSSION

Although the parties agree that this case should be remanded, they disagree over the appropriate scope of reconsideration. (Docs. 19, 20, 23). Plaintiff filed the instant appeal based, in part, on the argument that the medical evidence supports a finding that Plaintiff was disabled upon the date of filing, January 11, 2008. (Doc. 16, pp. 13–16). Consistent with this argument, she asks the Court to remand and award benefits or, alternatively, states that if the Commissioner's instant motion is granted, and this case is remanded for further review of the record, then

reconsideration should be limited to whether the record supports a date of disability earlier than August 26, 2014.  (Doc. 20, p. 5).

In contrast, the Commissioner requests a more comprehensive scope of reconsideration. (Docs. 19, 23).  Indeed, the Commissioner argues that ALJ Mahon's entire underlying decision should be reviewed on remand.  First, the Commissioner states that ALJ Mahon's finding that Plaintiff's condition worsened in August 2014 is not supported by substantial evidence; which is to say that, at a minimum, the Commissioner concedes an error on the part of the ALJ's review of the record evidence during this time period.   Then, with respect to the ALJ's finding that Plaintiff became disabled beginning August 26, 2014, the Commissioner contends that ALJ Mahon erred because she failed to apply Social Security Ruling ("SSR") 13-2p.

As to this second issue, under SSR 13-2p, where the medical record includes evidence from acceptable medical sources establishing that a disabled claimant has a drug or alcohol addiction ("DAA") constituting a medically determinable impairment, the Commissioner must then "determine whether [the] DAA is 'material' to the finding that the claimant is disabled."  *Soc. Sec. Ruling, Ssr 13-2p.; Titles II & Xvi: Evaluating Cases Involving Drug Addiction & Alcoholism (Daa)*, SSR 13-2P (S.S.A. Feb. 20, 2013).   If a DAA is material to the finding that a claimant is disabled, then that claimant is not disabled.  *Id.*

Here, the only evidence cited by the Commissioner that Plaintiff suffers from a DAA is from 2009—about five years prior to the established date of disability.  (*See* Doc. 23, p. 5; Tr. 606–07, 618, 634, 715).   The Commissioner fails to show how this dated evidence (or any other evidence) is relevant to ALJ Mahon's disability finding, which was explicitly based on Plaintiff's deterioration of symptoms within the year prior to August 2014.  (Tr. 783).  Additionally, the Commissioner declined to exercise her regulatory power to review this case after ALJ Mahon

issued her decision. *See* 20 C.F.R. § 404.984 (stating that if a district court remands to the ALJ and the ALJ issues a new decision, then "[a]ny time within 60 days after the date of the decision of the [ALJ], the Appeals Council may decide to assume jurisdiction").

Notably, where, as here, a plaintiff appeals a partially unfavorable decision and the Commissioner moves to remand under sentence four, Courts in this district have, on at least two occasions, limited the remand to review of only the unfavorable portion. *See Shaff*, 2016 WL 1714524 at *2; *Kropp v. Colvin*, No. 3:13-cv-158-J-JBT, Doc. 25 at 2–3 (M.D. Fla. Nov. 25, 2013). Finally, in my previous review of this case, I stated:

> Given the long history of this case and the ALJ's failure to correct errors identified by the Appeals Council, I seriously considered remanding for an award of benefits. Nonetheless, after careful consideration, I decline to make that recommendation, because based on this record, the cumulative effect of the evidence does not establish disability without any doubt and Plaintiff has not demonstrated that she has suffered an injustice.

*Rainey*, No: 5:13-cv-265-Oc-10PRL, Doc. 17 at 10.

Considering the above, which was written almost two years ago (and six years from the time Plaintiff filed her original claim), to allow the Commissioner—via her own motion to remand—to nullify the established disability on-set date to Plaintiff's detriment, would serve as an injustice to Plaintiff. Indeed, and in summary, Plaintiff's appeal does not seek to disturb ALJ Mahon's favorable finding, the Commissioner has provided tenuous evidence that the favorable finding should be disturbed, Courts in this district have preserved favorable findings in this context, and—in any event—the Commissioner failed to exercise her regulatory right to review ALJ Mahon's decision.

A remand should issue, however, as to the period of time <u>prior to</u> August 26, 2014. The Commissioner, at a minimum, calls into question ALJ Mahon's review of the evidence surrounding this date, which would plainly include evidence that pre-dates August 26, 2014. And,

although she does so for an entirely different reason, the Plaintiff also calls into question ALJ Mahon's review of the record evidence prior to this date.  Now, contrary to the Commissioner's view that the evidence doesn't support a worsening of Plaintiff's condition, a plain reading of ALJ Mahon's decision raises sufficient questions about whether record evidence was properly considered—again, as both sides say it wasn't, though for different reasons.

For example, while ALJ Mahon specifically recounted that in October 2013 Plaintiff saw consulting physician Dr. Worman for complaints related to her Crohn's disease (which had been diagnosed for 35 years), and noted therein "continued . . . chronic abdominal pain despite an appendectomy," multiple hospitalizations related to an "exacerbation of abdominal pain and bowel obstructions" (the most recent within a year and a half of the appointment), and relayed that she "underwent a partial small bowel resection" (which is unquestionably a surgical procedure), ALJ Mahon went on to find the Plaintiff "not entirely credible prior to August 26, 2014" because "treatment has been essentially routine and/or conservative in nature," the record revealed treatment had been "generally successful" in controlling symptoms, and that the record failed to show "significant forms of treatment such as surgery."  (*See* Tr. 778–80).  Without weighing the evidence, I cannot say that Plaintiff was disabled prior to August 26, 2014, nor can I say that she wasn't, as the Commissioner would appear to contend.  Thus, under the circumstances stated above, a remand is warranted, though it shall be limited.

**IV.  CONCLUSION**

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion for Entry of Judgment with Remand (Doc. 19) is **GRANTED** with the following limiting instruction: (a) the scope of the Commissioner's reconsideration is limited to the period of time prior to August 26, 2014; (b) the Commissioner may consider and

- 7 -

find an earlier onset date, but she may not find a later onset date; and (c) the Commissioner may not find that Plaintiff has never been disabled.

    (2)    This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3).

    (3)    The Clerk is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on June 9, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties